David Evans (5-1660)
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
P.O. Box 467
Cheyenne, WY 82003-0467
PH: (307) 634-1525
FAX: (307) 638-7335

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 SEP 19 PM 4 55

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIM WELLS, NEAL TEEPLES and GERALD AUVIL in their respective capacities as Trustees of the WYOMING CARPENTERS PENSION FUND, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EDWARD KRAMER & SONS a Sole Proprietorship, | ) ) ) |
| Defendant. | ) ) | Civil Action No. 13-CV-215-F |

## COMPLAINT

Plaintiff Wyoming Carpenters Pension Fund, (the "Pension Fund"), located at 141 S. Center Suite 200, Casper, Wyoming 82601, and its Trustees, by counsel, hereby complain of the Defendant as follows:

### Introduction

1. This is an action by Plaintiffs to collect amounts owed by Defendant Edward Kramer & Sons, necessary to satisfy the minimum funding requirements imposed upon

contributing employers to the Pension Fund by Section 302 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1082.

## Jurisdiction and Venue

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. §§ 1331 and 1337 (Federal question and commerce, respectively), ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1), and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

## Parties

4. The Pension Fund is multiemployer defined benefit employee pension plan within the meaning of ERISA Sections 3(3), 3(35), and 3(37), 29 U.S.C. §§ 1002(3), 1002(35) and 1002(37), respectively, and is subject to the terms of that statute. The Pension Fund provides retirement and death benefits to eligible employees of employers required to contribute to the Pension Fund pursuant to one or more collective bargaining agreements ("CBAs") with Pacific Northwest Counsel of Carpenters (Union).

5. Plaintiffs, Timothy Wells, Neal Teeples and Gerald Auvil are Trustees of the Pension Fund and bring this action to their capacity as trustees. Said Trustees are fiduciaries of the Pension Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. The Trustees bring this action on behalf of the Pension Fund, its participants and beneficiaries pursuant to Section 302 and 502 of ERISA, 29 U.S.C. §§ 1082 and 1132, respectively.

7. On information and belief, Defendant Edward Kramer & Sons is a sole proprietorship organized and operating under the laws of the State of Wisconsin, with its principal place of business at 925 Park Avenue, Plain, Wisconsin. At relevant times related to this action, Defendant and the Union were and/or are parties to one or more Collective Bargaining Agreements (CBA) pursuant to which Defendant, was, or is, required to make periodic contributions to the Pension Fund on behalf its employees covered by the applicable CBA.

## Factual Allegations

8. The Pension Fund is required to satisfy, for each plan year, the minimum funding requirement described in Section 302 of ERISA, 29 U.S.C. § 1082.

9. Pursuant to ERISA Section 302(a)(2)(C), 29 U.S.C. § 1082(a)(2)(C), in the case of a multiemployer pension plan such as the Plaintiff Pension Fund, a plan satisfies the minimum funding requirement if the employers participating in the plan make sufficient contributions for the plan year such that, as of the end of the plan year, the contributions are not less than the benefits and related costs of the plan for that same plan year so that the plan does not have an accumulated funding deficiency.

10. Pursuant to ERISA Section 302(b)(1), 29 U.S.C. § 1082(b)(1), the amount required by the minimum funding requirements of Section 302 is to be paid by the employers responsible for making contributions to the plan.

11. The Pension Fund's "Plan Year" commences of January 1 of each calendar year and ends on December 31 of the following calendar year.

12. On December 31, 2007, the Pension Fund had an accumulated funding deficiency in the amount of $25,264.00, and therefore failed to meet ERISA's minimum funding requirements for that Plan Year.

13. On March 8, 2013, the Pension Fund sent notice to Defendant that owed its proportionate share of the Pension Fund's accumulated funding deficiency through August 31, 2007 in the amount of $25,264.00 and demanded payment with interest. No payment was received.

14. As of December 31, 2007 the payment due, with interest, for the 2007 deficiency is $25,264.00. Interest continues to accrue.

### Count I
### (For Equitable Relief under ERISA § 502(a)(3)(B))

15. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 18 and incorporate them herein by reference.

16. ERISA Section 302(b)(1) obligates employers who are responsible for making contributions to a multiemployer defined benefit pension plan to pay to the plan their proportionate share of any accumulated funding deficiency occurring in a plan year.

17. ERISA Section 502(a)(3)(B), 29 U.S.C. § 1132(a)(3)B), permits a plan fiduciary to bring an action "to obtain other appropriate equitable relief (i) to redress violations of any provisions of Title 1 of ERISA or (ii) to enforce any provision of ERISA."

18. Defendant's failure to make sufficient contributions to enable the Pension Fund to comply with ERISA's minimum funding requirements for the Plan Year ended December 31, violates its obligations under ERISA Section 302(b)(1), 29 U.S.C. § 1082(b)(1), and has caused, and will continue to cause, the Pension Fund to fail to satisfy ERISA's minimum funding requirements.

19. As a result of Defendant's violation of its obligations under ERISA Section 302(b)(1), 29 U.S.C. § 1082(b)(1), Plaintiffs are entitled to equitable relief in the form of an order requiring Defendant to comply with its obligations under ERISA 302(b)(1), 29 U.S.C. § 1082(b)(1), by paying its proportionate share of the Pension Fund's accumulated funding deficiencies for the Plan Year ended December 31.

20. Despite numerous demands for payment, Defendant has failed to make any payment.

**WHEREFORE**, Plaintiffs pray that the Court:

**Count 1**

A.  Issue a order directing Defendant to pay their allocated proportionate share of the Pension Fund's accumulated funding deficiency for the Plan Year ended December 31, 2007, with interest to continue to accrue at the Pension Fund's interest rate until payment in full is made;

B.  Award Plaintiff's their attorneys' fees and costs pursuant to ERISA Section 502(g)(1), 29 U.S.C. § 1132(g)(1), liquidated damages in the amount of twenty percent (20%) of the total amount of the minimum funding deficiency due inclusive of interest as authorized by the Pension Fund's Trust Agreement and allowed by law, and post-judgment, interest;

C.  Grant such other and further relief as the Court may deem just.

DATED this 19th day of September, 2013.

By: _____
David Evans, Esq.
Hickey & Evans, LLP
1800 Carey Avenue, Suite 700
Cheyenne, WY 82003
devans@hickeyevans.com
*Counsel for Wyoming Carpenters Pension Trust Fund.*